UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                             2:06-cr-70-FtM-29SPC

WILLIE LASHAWN BELL
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Reduce the Term of Imprisonment Under 18 U.S.C. 3582(c)(2) (Doc. #52) filed on November 4, 2011. In an Order (Doc. #54) dated November 8, 2011, the Court appointed the Federal Public Defender to represent defendant and provided a copy of the Probation Office Memorandum. The Federal Public Defender has filed Mr. Bell's Response Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. #59), and the government has filed its Opposition to Sentence Reduction (Doc. #61). Because defendant is not eligible for a reduction of his term of imprisonment under Amendment 750, his motion will be denied.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of

the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 750.

At defendant's original sentencing, the Court determined, based upon the drug quantity attributed to defendant, that his Base Offense Level was 28 and his Total Offense Level was 25. Because defendant qualified as a career offender under U.S.S.G. § 4B1.1, however, his Total Offense Level was 34 and his Enhanced Offense Level was 31. Defendant's Criminal History Category would have been Category V, but because of his career offender status it was increased to Category VI. The Enhanced Offense Level of 31 and the Criminal History Category of VI resulted in a Sentencing Guidelines range of 188 to 235 months imprisonment. Defendant was sentenced to 168 months imprisonment after a variance.

The undersigned sentenced defendant based upon a sentencing range determined by the career offender provisions of the Sentencing Guidelines, not the crack cocaine provisions. Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission", as required by § 3582(c)(2). Therefore defendant is not eligible for a reduction pursuant Amendment 750. United States

v. Moore, 541 F.3d 1323 (11th Cir. 2008)(addressing Amendment 706), cert. denied, 129 S. Ct. 1601 (2009). Granting a downward variance did not change defendant's offense level and does not make him eligible for a sentence reduction under the amendment. E.g., United States v. Daniels, 345 F. App'x 527 (11th Cir. 2009)(discussing Amendment 706). Unlike Freeman v. United States, 131 S. Ct. 2685 (2011), this case did not involve a guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C), but a defendant who was convicted at trial. Additionally, the Court finds nothing in Freeman which undermines Moore, and certainly nothing which would allow the Court to ignore its holding.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Reduce the Term of Imprisonment Under 18 U.S.C. 3582(c)(2) (Doc. #52) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   6th   day of February, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Willie Lashawn Bell